310640, people of the state of Illinois, Abilene, Iconis Varedo, v. Merritte, McKinley, Charles Okay, Mr. Hoffman, have you had this for a long time? I have, Judge. I hate to say how long. I'm sorry. That's fine. Thank you, Justice Leighton. May it please the Court, my name is Charles Hoffman. I represent the appellant, Calvin Merritte. This is an appeal from the first stage dismissal of a post-conviction petition. And I think, in a nutshell, this case presents one question, and that is, is it arguable on this record that the trial judge erroneously considered the out-of-court statement of a non-testifying co-defendant against my client at his bench trial? And we think the answer to that is yes, it is arguable. In this case, Calvin Merritte, his brother, his stepbrother, and his mother were jointly tried at a bench trial on drug and drug conspiracy charges. During the trial, the state introduced evidence that Calvin's mother, Joy Forbes, made an out-of-court statement in which she identified Calvin, her son, as the leader of the drug conspiracy with which they were charged. After his conviction was affirmed on direct appeal, Mr. Merritte filed a post-conviction petition, and in that petition he claimed his trial lawyer was ineffective for not objecting to the admission of his mother's out-of-court statement against him, and that his appellate lawyer was ineffective for failing to raise that issue on direct appeal. The post-conviction judge dismissed the petition as frivolous. I want to convince this court that the trial judge's ruling was wrong, and I want to make three points in support of that argument, and of course I'll try to answer any questions the court might have. First, Mr. Merritte's post-conviction claim was sufficient to withstand first-stage dismissal because it stated the gist of a constitutional claim of ineffective assistance of counsel, and that's all you have to show at the first stage. Under the controlling precedent of Hodges and Tate from the Illinois Supreme Court, at the first stage the question is not whether the petitioner has made a substantial showing of a constitutional violation. It's whether his claim has an arguable basis, in fact, in law, and the court has stressed that's a very low threshold. Does this claim have an arguable basis in law? Well, it only does not have that if it's based on an indisputably Merritt-less legal theory, and clearly this is not an indisputably Merritt-less legal theory. The out-of-court statement of a non-testifying co-defendant is inadmissible. It violates the hearsay rule, and we know under the Bruton case from the United States Supreme Court, it also violates the defendant's right of confrontation. So we have an arguable basis in law. Does the claim have an arguable basis in fact? Well, a post-conviction claim has no arguable basis in fact, only if it is fantastic or delusional, according to the Illinois Supreme Court in Hodges and Tate, or whether it's completely contradicted by the record. I don't think the state is arguing in this case that Mr. Merritt's claim is either delusional or fantastic. So the question is, is it completely contradicted by the record? And we argue that it is not. Now, there are cases in which a claimed Bruton violation at a bench trial is completely contradicted by the record, and of course the state has cited those cases, one of which is People v. Thorn. But in those cases, the trial judge actually stated for the record that he or she was not going to consider the out-of-court statement of the non-testifying co-defendant against the defendant. That's pretty definitive. If the judge says that, then the record shows that the judge did not violate the law. What we have here is the judge said nothing one way or the other. The judge didn't mention it. So the state argues, well, because the judge didn't mention it, of course the law is the presumption that the judge did follow the law, and the judge didn't consider Joy Forbes' out-of-court statement against Mr. Merritt. And that brings me to the second point I want to stress today. Is that Merritt? Did you pronounce it Merritt or Merritt? Judge, I pronounced it Merritt. It may be Merritt. I don't know which it is, to tell you the truth. I've spoken to my client, but I didn't ask him how he pronounced his name. I probably should have. Go ahead. The second point is there are sufficient indications in this record to put the presumption in doubt, and I think that's all we have to do at the first stage dismissal to have an arguable basis. The record shows that both the defense lawyers and the trial prosecutor tried this case as though Joy Forbes' statement was admissible against all the co-defendants. First, none of the lawyers filed a motion to eliminate with the trial judge saying, Judge, don't forget you can't consider this evidence against our clients. When the testimony came in, none of the lawyers objected, saying, Judge, we object. It's not admissible against our client. And third, and maybe most importantly, this record shows that each of the lawyers for the co-defendants cross-examined the officer who testified about Joy Forbes' out-of-court statements. The only reason for engaging in such cross-examination, the only reason a lawyer would cross-examine a witness, is if he thought the witness' testimony had been admitted against his client. The prosecutor posed no objection to every defense lawyer, all four defense lawyers in the case, cross-examining the officer about Joy Forbes' statement. Well, the only reason a prosecutor wouldn't object and say, Judge, that lawyer can't cross-examine my witness. This evidence was not admitted against his client. But the prosecutor made no such objection. The judge never said, hold on, counsel, this testimony wasn't admitted against your client. The only reason the judge would allow such testimony would be if the judge also assumed that the testimony was being admitted against all the defendants. That statement is pure speculation, though, isn't it? I think it's more than speculation. I think it's an inference that if a case is being tried by all the lawyers in the courtroom as though the evidence was being admitted against all the defendants and the judge said nothing, I think it's an inference that the judge considered it. And again, Justice Carter, our burden is simply to show that it's arguable. So I think it's better than speculative. I think it's an inference. It actually was very surprising to me that during the entire course of this trial, nobody ever said a word about Joy Forbes' statements only being legally admissible against her. You would think that at some point… Well, now, that line of cases where we engage the presumption that the trial judge only considers evidence which is admissible, correct? Correct. Okay. If you look at the fact basis of those cases, all those cases have evidence that's inadmissible that's presented before the trial judge, don't they? I think evidence… I mean, otherwise it would make no sense to rule that, well, he only considers that which is properly admitted. I think it's more on this record than just that the evidence was admitted. And again, I think probably the strongest indication is that all the lawyers cross-examined Joyce Forbes about this. So this wasn't simply a situation where some hearsay evidence comes in or there wasn't a foundation for something. I think if it's just a simple trial error, there's the presumption that the judge didn't consider it. But what we have here is affirmative acts in support of the conclusion that everybody in the courtroom thought this was admissible. And again, why would all of the lawyers for all of the co-defendants be allowed, without objection, to cross-examine a witness whose testimony is only admissible against one defendant? Now, who would be objecting to that cross-examination? Well, first of all, if defense counsel didn't think it was admissible against his client, he wouldn't even get up to engage in the cross-examination. Once defense counsel did, the prosecutor could certainly say, Judge, that lawyer can't cross-examine my witness about this testimony because it wasn't admitted against his client. If these trials had been held separately, the prosecution couldn't have admitted any of this testimony about Joyce Forbes' out-of-court statement at trial. They wouldn't even call the officer as a witness. The out-of-court statement was that Calvin was... He was the leader of this drug conspiracy. And that wasn't the only testimony about being the leader of the drug conspiracy. No, no, it wasn't. And... There was other evidence that he was the leader of the drug conspiracy. There was other evidence. And my final... That he was the boss. Pardon me? That he was the boss. Yes, there was testimony about that. And my final point, Justice Carter, that I want to make today, is that in spite of that testimony, it's still arguable that Mr. Merritt was prejudiced. Of course, we have the burden to show it was arguable that counsel was ineffective for not being... Performing, not objecting, and that Mr. Merritt was arguably prejudiced as a result. Now, there was no physical evidence tying Mr. Merritt to any of the drugs in this case. There was no confession. There was no fingerprints tying him. He was never caught in possession of any drugs. The sole basis of the evidence that he was the boss or was involved in this conspiracy came from state's witnesses who had significant credibility problems. They were either drug addicts or convicted felons or had made deals with the state in exchange for their testimony. Which is a pretty common occurrence in drug cases. It is. And there's no question that evidence was admissible. And there's no question that it supported the conviction in this case. But the question is, is it arguable that Mr. Merritt can meet the prejudice prong of ineffective assistance of counsel? And the only testimony that he was involved in this drug conspiracy from a witness who didn't suffer from those significant credibility problems was the out-of-court statement of his own mother. And in our brief, we cited People v. Hernandez, in which the Illinois Supreme Court said, it would be difficult to imagine evidence that is more prejudicial than inculpation of a defendant by a non-testifying co-defendant. And how much more prejudicial is it when the defendant's own mother gets on the witness stand and says he's the leader of this drug conspiracy. He's unemployed, but that's where he gets all of his money. So, Justice Carter, if our threshold wasn't so low, I think we would have much more of a problem. But we've got a combination of a very low threshold here that we only need to show that it's arguable. We have evidence of the type that the Illinois Supreme Court has said is difficult to imagine as more prejudicial. And we've got a state's case that's built otherwise on the testimony of drug addicts and ex-convicts. And how many other people said that Calvin Merritt was the ringleader? Five, six, seven. There were a number of witnesses. It's obvious why I'm asking that question, because of the prejudice fraud. Well, if the testimony of a drug addict is suspect, and if the testimony of an ex-convict is suspect, and if the testimony of someone who made a deal with the state is suspect, if all that testimony is suspect, it's kind of like 0 plus 0 plus 0 equals 0. So, now we're not saying the evidence wasn't sufficient to convict. We're not raising reasonable doubt. We're just saying the evidence of his guilt is not overwhelming because it's totally based on credibility. There was not one piece of physical evidence that tied Calvin Merritt to this drug conspiracy. There was no confession. There were no fingerprints. They never found drugs on him. We're not contesting that the evidence was sufficient to convict, but where a case is totally based on credibility, it's a close case. Where a case is totally based on the credibility of witnesses whose testimony is inherently suspect, it's a close case. So, all I'm saying is, it is certainly arguable that he could meet the prejudice prong. We don't even have to meet the prejudice prong at this point. The Supreme Court made that very clear in tape. All we have to say is, we've got a shot at it. It's arguable. So, despite the fact that there were a handful of other witnesses that identified him, this case is not overwhelming. I apologize for asking this question, but it's out of curiosity. What is it? I was hoping I wasn't going to have to pronounce that in court. It's DAHITTAS. D-A-H-I-T-T-A-Z. It sounds like slang for the hitters. And there was a lot of testimony in the case. I don't think it has anything to do with drugs. There was a lot of testimony in this case that the same individuals who were charged with the drug conspiracy were members of this group, which also made music, which recorded songs. I don't know if it's a reference to hit songs or what, but that was the name of the organization. There was a tattoo parlor, I believe in Ottawa, from which drugs were sold. That was the last two minutes. I'm sorry about asking that question. I couldn't help myself. That's fine, Justice Carter. And actually, amazingly, I don't even need my extra two minutes. The only thing I have left to say is that because Calvin Merritt's pro se post-conviction petition set forth the gist of a meritorious claim of ineffective assistance, the trial judge should not have dismissed it as frivolous, and we ask this court to reverse the trial court's order and remand the case for further post-conviction proceedings. Thank you. Good to see you. Thank you, Mr. Hoffman. Mr. Rado. Thank you, Mr. Court. Good afternoon, Your Honors. Counsel. This case is about what did the defendant find enough in his petition or alleged enough in his petition to meet the requirements? Was it arguable that both counsel was deficient and that he was prejudiced by that deficiency? Tate doesn't languish that prejudice problem. It's simply, and Tate's facts are completely different from this one. There are several different affidavits and counsel hadn't properly interviewed these witnesses or presented them. But anyway, the point is that we submit that he has not made an arguable claim in his petition, and there's two primary reasons for that, and I think the court has addressed those, so I don't need to necessarily go into too much detail. But the first is that he failed to overcome the presumption that the trial court only considers competent evidence. And as we went through the brief, the judge made 12 pages of findings and never once mentioned Joy Forbes' testimony or statement, excuse me, in the context of the defendant. So he's not alleged anything affirmative, affirmative to overcome that presumption. And that's the standard, that the only way you can overcome the presumption is showing affirmative evidence in the record, and there's none here. The second point is having to do with the amount of evidence in this case. You can say that, oh well, they're drug addicts, they're bad people, but the point is, you asked how many people. You have to discount not one or two or three or four or five or six people, but 11 people who testified the defendant was either involved in the sale of drugs or was involved in this group. Witnesses, Sinclair, Henry, Smith, Morgan, Bradley, Loeb, Vasquez, all testified as being familiar with the Hittas. And Bradley, Vasquez, Morgan, Loeb, Henry specifically identified the defendant as either a leader or a member of this group, as the leader, saying, well, he was the leader or he was one that was in charge. So we have multiple, multiple witnesses. And so even if you can discount one or two, I mean, the bulk, the overwhelming nature of this evidence was so strongly against him. There's also other evidence tying, as far as Joy Forbes' statement, was this really cumulative as well? I believe that Justice Hardy made that point. There's other people claiming that he was the leader of the Hittas and that at least three people went to Chicago to Joy Forbes' house where he either went with the defendant or saw a defendant at Joy Forbes' house to pick up drugs and get other information. So there's a tie right there between the two. As far as there's no evidence directly linking the defendant, well, other than all this evidence of the testimony, there is a video, how to put it delicately, showing a defendant withdrawing heroin from the private area of a female, and that video was viewed by the trial court in this case. So there is evidence directly tying the defendant into this case. So if there are no other questions, I think we'll just rely upon a brief tip. All right. I guess there are none. Thank you, Mr. Rado. Thank you. Respectfully request the support. Go for it. Thank you. And Mr. Hoffman, rebuttal? Yes, thank you, Justice. In Tate, the Supreme Court did deal with both prongs of the ineffective assistance of counsel claim. Tate said at the first stage of PC proceedings, the petition alleging ineffective assistance may not be summarily dismissed if, one, it is arguable that counsel's performance fell below an objective standard of reasonableness, and, two, it is arguable that the defendant was prejudiced. So that's the only burden we have here. I'd also point out that the judge didn't really mention any individual witness's testimony when he was deciding guilt or innocence. The judge really treated all the witnesses as a whole. He said, I take the circumstances that when defense counsel argued, well, judge, these are very suspect witnesses. The trial judge said, I take the circumstances that have been presented as a whole, not just individually. Individually, I would be very concerned. But as a whole, when I take everybody together, I start to see a picture. And as I indicated, I'm not taking any one of these particular witnesses as an individual. I'm taking all their testimony as a whole, all these witnesses. So the fact that he didn't specifically mention Joy Forbes I don't think is significant. He may or may not have considered Joy Forbes' testimony, but he lumped all the testimony together. So it's not as though he went through each witness and never mentioned Joy Forbes. Justice Holder said, don't we have that presumption, unless we know better somehow from the record, that the trial judge knew what to eliminate and what not to consider? You know, Justice, it's a really interesting question. There are some cases which the state cited in which the judge said, of course, I'm not going to consider that evidence. There are other cases in which the judge says, I'm going to consider that against everybody, or overruling defense counsel's objection to the evidence. So there are positive indications in those type of cases. The courts have said, if a judge overrules an objection to inadmissible evidence, that overcomes the presumption and shows the judge did erroneously consider it. But I think I want to stress to this court again, I don't think under the gist standard we have to show that the presumption is overcome. Maybe at the second stage of post-conviction proceedings Mr. Moritz is going to have to show. I think all we have to show is that the presumption has been put into doubt. Why has it been put into doubt? Because it looks like all the lawyers in this case tried this case as though Joy Forbes' out-of-court statement was admissible against everybody, especially the fact that all the lawyers cross-examined the witness who testified about those statements. So does that mean it's arguable that the presumption might be overcome? I think it does. Now, Mr. Moritz may ultimately not prevail on this claim. He may lose this post-conviction claim ultimately. He doesn't have to prove his claim. He doesn't have to establish a substantial violation of his constitutional rights until the second stage. This is really a procedural case. The procedural posture controls this case. And with all due respect to the state, I think the problem with their argument is they failed to recognize the procedural posture in the case. They're arguing that Mr. Moritz has not established ineffective assistance of counsel. He has not established that the trial judge considered this inadmissible evidence against Mr. Moritz. But I don't think we have that burden yet. Hodge's take, the Supreme Court has stressed in two cases in the last few years, telling courts it's just a gist standard. But it's a gist standard of a claim, and the claim here is ineffective assistance of counsel. That's correct. And it's arguable, I think, that counsel was at well. If there was positive indication that the judge did consider this erroneous evidence, it's way more than arguable that counsel was ineffective. I think the underlying claim and the ineffective claim in which it must be raised because it wasn't objected to, they're really tied together, Justice Carter. It's arguable counsel was ineffective if it's arguable that the judge considered this. I don't think you can separate the two. Well, the whole claim is whether counsel didn't meet the standard and also the prejudice. That's correct, too. That's part of even the gist. You have to go through both of those things. Absolutely. And at this point, all we have to do is show that it's arguable that he was prejudiced. Now, at the second stage, after Mr. Moritz gets counsel and the claims are actually at issue, the post-conviction trial judge could conclude you haven't shown prejudice. Thank you. But at this point, it hasn't reached that stage. The question is, is our claim fantastic or delusional? No. Is it completely contradicted by the record? No. Is it based on a meritless legal theory? No. None of those are true. And that's why, at this point, it does state the gist of a constitutional claim. And unless the Court has any questions, thank you again. Thank you again. And thank you both for your argument today. We will take the matter under advisement and get back to you with a written disposition in a short time. I will now take a recess. We'll adjourn for the month, and we'll see you in June. Thank you. This court is now adjourned.